[Criminal No. 87.    Filed January 10, 1894.]

[36 Pac. 38.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. ZACK BOOTH et al., Defendants and Appellants.

1. CRIMINAL LAW—BURGLARY—EVIDENCE—SUFFICIENCY.—Evidence on a trial of appellants, three Booth brothers, jointly indicted for burglary, that flour stored in a house was taken without the owner's knowledge or consent; that a cart with flour scattered over it had been tracked from where the flour had been stolen to the gate of the father of appellants; that flour was seen stacked up in the house of the father; that Zack Booth was seen there shortly after; that on the night of the burglary the appellants were in town, and two of the brothers spent the night at their homes, but Zack was away some three hours, and afterwards "joshed" about having taken the flour, and told one witness but one man knew anything about it, and threatened witness that he would do him up if he said anything about what had been talked of, is sufficient to justify the jury in convicting Zack Booth.

2. SAME—SAME—JOINT INDICTMENT—EVIDENCE—SUFFICIENCY AS TO ONE AND WANT OF EVIDENCE AS TO OTHERS.—Where the evidence is sufficient to support a verdict of conviction as against one of three brothers jointly indicted for the crime of burglary, but there is no evidence connecting either of the others with the commission of the offense, the judgment of the trial court will be affirmed as to the one, and reversed and the case remanded for a new trial as to the others.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Owen T. Rouse, Judge.    Affirmed as to Zack Booth.    Reversed as to Nick and John Booth.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

Francis J. Heney, Attorney-General, for Respondent.

HAWKINS, J.—The appellants were jointly indicted for the crime of burglary, and were tried at the October term of said district court, and convicted of the crime of burglary in

the first degree. Appellants filed a motion for a new trial, which was overruled, and this appeal was taken from the judgment of conviction, and also from the order overruling the motion for a new trial, and a reversal is asked on the single ground that the evidence is insufficient to support the verdict of the jury. This requires us to review the testimony in the case. The evidence is all circumstantial, and discloses the fact that one thousand pounds of flour was stored in James Callahan's house in Payson, on February 22, 1893, by McDonald, and that the same was taken, without the owner's knowledge or consent, between February 28 and March 2, 1893. A cart with flour scattered over it was found at Piper's stable, in Payson, after it had been tracked from where the flour was stolen to the gate of old man Booth, the father of appellants,—a distance of about six miles. One witness saw flour stacked up in old man Booth's house. Zack Booth was seen there shortly after. The testimony further discloses that on the night of the disappearance of the flour the appellants were in Payson at a party. Nick and John Booth, after the party broke up, went home with their families. Zack slept at Payson with witness Gibson, who says, when he went to bed, Zack went out, saying, "I will be back pretty soon." Witness went to sleep, and Zack returned some time afterwards—probably two or three hours—and woke up witness. The evidence also shows that Zack talked quite freely about taking the flour—always, as one witness expressed it, "in a 'joshing' way." We also find him at one witness's house saying to said witness "that the Booths are accused of taking the flour; that there was but one man who knew anything they said or done; that he would do somebody up; and that he would do witness up if he (witness) said anything about what had been talked of." We cannot but conclude that these facts strongly tend to connect Zack Booth with the commission of the offense; and the jury, having heard the evidence and passed upon the same, and considered all the circumstances in the case, was justified in finding Zack Booth guilty of burglary in the first degree. There being sufficient evidence to support the verdict, we are not authorized in disturbing the same. *People* v. *Ah Loy*, 10 Cal. 301. There is no evidence connecting Nick and John Booth with the commission of the offense. The judgment of the lower

court is therefore, as to Zack Booth, affirmed, and as to Nick and John Booth, reversed, and remanded for a new trial.

Baker, C. J., and Sloan, J., concur.